UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Civil Action No. _____

DISTRICT OF NH
FILED
2026 FEB -4 P 7 01
24 HOUR DEPOSITORY

Edward Farley,

Plaintiff,

v.

Delta Air Lines, Inc.

1030 Delta Blvd, Atlanta, GA 30354

Phone: (404) 715-2600


Air Line Pilots Association, International (ALPA)

7950 Jones Branch Drive, McLean, VA 22102

Phone: (703) 689-2270


U.S. Department of Labor – OSHA

200 Constitution Ave NW, Washington, DC 20210

Phone: (202) 693-1999


Office of Administrative Law Judges, U.S. Department of Labor

200 Constitution Ave NW, Washington, DC 20210

Phone: (202) 693-7300


National Mediation Board

1301 K Street NW, Suite 250 East, Washington, DC 20005

Phone: (202) 692-5000


Defendants.

**PRO SE COMPLAINT**

### 1. Plaintiff

Edward Farley

472 Wallis Rd., Rye, NH 03870

Phone: (603) 502-9039

Email: e.farley@yahoo.com

### 2. Defendants

As listed above.

### 3. Jurisdiction

1. This Court has jurisdiction under:

   - **28 U.S.C. § 1331 (federal question)**
   - **28 U.S.C. § 1361 (mandamus / agency action)**
   - **49 U.S.C. § 42121(b)(4) (AIR21 whistleblower statute)**

2. Venue is proper under **28 U.S.C. § 1391(e)** because Plaintiff resides in New Hampshire and Defendants include federal agencies.

### 4. Legal Basis

3. Plaintiff brings this action under **49 U.S.C. § 42121 (AIR21 Whistleblower Protection Act), which incorporates Section 11(c) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 660(c))** to protect employees who report safety and compliance violations. Defendants **OSHA and the Office of Administrative Law Judges (OALJ) are required under AIR21, Section 11(c), the Administrative Procedure Act (5 U.S.C. § 551 et seq.), and 29 C.F.R. § 1979** to conduct investigations and adjudications based on a complete administrative record and provide employees with due process. The **National Mediation Board (NMB), operating under the Railway Labor Act (45 U.S.C. § 151 et seq.),** is required to conduct arbitration proceedings with proper jurisdiction, procedural fairness, and adherence to collective bargaining agreements. Defendants' actions as described in this complaint constitute violations of these statutes and regulations.

**Explanation:**

- OSHA & OALJ → AIR21, APA, 29 C.F.R. § 1979 → violated by proceeding on an incomplete record, failing to correct record omissions, and denying due process.
- NMB → Railway Labor Act → violated by conducting arbitration without proper jurisdiction and ignoring procedural defects.
- Delta & ALPA → AIR21 → violated by retaliating against Plaintiff and/or failing to protect whistleblower rights.

**4. Factual Allegations**

4. Plaintiff is a FAA Part 121 airline pilot with nearly 30 years of professional experience.
5. Plaintiff completed all FAA-endorsed Advanced Qualification Programs (AQP) required to maintain certifications.
6. Plaintiff reported safety and compliance concerns in good faith under Section 11(c) of AIR21, including deficiencies in training and procedural oversight.
7. Delta Air Lines retaliated by grounding Plaintiff, denying continued employment, and ultimately terminating his employment.
8. OSHA, OALJ, and NMB proceedings were materially defective, omitting critical filings from the administrative record.
9. Delta Air Lines submitted false and misleading statements regarding Plaintiff's training, performance, and professional conduct to OSHA, OALJ, and NMB to justify retaliation and undermine Plaintiff's whistleblower claims.

10. Plaintiff requested Union and agency review of these defects, including motions for continuance, reconsideration, and correction of the record.
11. No substantive response or correction was issued by any Defendant, leaving Plaintiff's career, professional certifications, and statutory rights at risk.
12. The National Mediation Board conducted arbitration under the RLA despite jurisdictional and due-process defects.
13. These actions collectively caused irreparable harm, lost wages, professional damage, and emotional distress.

## 5. Claims

### Count I –

**AIR21 Whistleblower Protections (49 U.S.C. § 42121 / Section 11(c))**

14. Plaintiff engaged in protected safety and compliance reporting.
15. Defendants retaliated against Plaintiff for these reports, including termination and adverse employment actions.
16. OSHA, OALJ, and NMB proceedings were materially defective and arbitrary, violating statutory requirements.
17. Delta Air Lines' false statements materially affected administrative and arbitration outcomes.

### Count II –

**Due Process / Administrative Procedures**

18. Defendants acted on materially incomplete and inaccurate records, denying Plaintiff proper notice and ability to challenge procedural defects.
19. These actions violated Plaintiff's rights under the Administrative Procedure Act (5 U.S.C. § 706) and statutory due-process protections.

### Count III –

**Additional Claims (Reserved)**

20. Plaintiff reserves the right to assert additional claims as may be revealed through ongoing administrative records, discovery, or further investigation

## 6. Damages and Relief Requested

Plaintiff requests the Court to:

**A. Enjoin Defendants** from continuing or enforcing any adverse employment, training, or arbitration actions; and

**B. Stay all related administrative and arbitration proceedings**; and

**C. Preserve all records**; and

**D. Award compensatory damages, including lost wages, benefits, and professional losses caused by Defendants' unlawful actions**; and

**E. Award punitive damages as permitted by law for retaliatory conduct**; and

**F. Waive any bond requirement under Fed. R. Civ. P. 65(c) if emergency relief is sought**; and

**G. Grant any other relief** the Court deems just and proper.

## 7. Jury Demand

Plaintiff requests a jury trial on claims seeking legal damages (Counts I and II). Claims for equitable relief (injunctions, preservation of records) are for the Court.

Respectfully submitted,

/s/ Edward Farley

Edward Farley, Plaintiff, pro se

472 Wallis Rd., Rye, NH 03870

Phone: (603) 502-9039

Email: e.farley@yahoo.com

Date: February 3, 2026

**Verification**

I declare under 28 U.S.C. § 1746 that the foregoing Complaint is true and correct to the best of my knowledge.

/s/ Edward Farley

Edward Farley, Plaintiff, pro se

Date: February 3, 2026

**Certificate of Service**

I hereby certify that on February 3, 2026, I served a true and correct copy of the foregoing Complaint, together with all exhibits, by electronic mail and/or first-class mail upon the following parties and their counsel of record:

Delta Air Lines, Inc.

Counsel of Record: Lincoln O. Bisbee, Esq.

Morgan, Lewis & Bockius LLP

101 Park Avenue, New York, NY 10178

Hakkenberg, Lucas: lucas.hakkenberg@morganlewis.com

Gunn, Imani D.: imani.gunn@morganlewis.com

Bisbee, Lincoln O.: lincoln.bisbee@morganlewis.com

Air Line Pilots Association, International (ALPA)

Counsel of Record: Detorie / Legal Department

7950 Jones Branch Drive, McLean, VA 22102

Mike Detorie, Representation Counsel: Mike.Detorie@alpa.org

Federal Defendants (U.S. Department of Labor / OSHA, OALJ, National Mediation Board)

- United States Attorney for the District of New Hampshire, Civil Process Clerk, 55 Pleasant Street, Room 312, Concord, NH 03301
- Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530
- Agency Counsel / OSHA, OALJ, NMB:
  - Rob Swick, Chief, Division of Field Operations OSHA/DWPP: Swick.Robert@dol.gov
  - U.S. Department of Labor, Office of Administrative Law Judges: OALJ-Filings@dol.gov
  - National Mediation Board, Office of General Counsel (institutional service)

/s/ Edward Farley

Edward Farley, Plaintiff, pro se